# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JIMMY DALE KELLEY,<br>a/k/a Jimmy Dale Kelly,<br>a/k/a Jimmy Dale Robinson,<br><br>    Defendant. | Case No. CR-24-154-RAW |

## ORDER

The Defendant was originally charged in a one-count indictment with Felon in Possession of Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Defendant filed a motion to dismiss arguing that his predicate offense – simple possession of methamphetamine – is not a violent crime, and that the Government cannot satisfy its burden to show that a lifetime prohibition against possessing a firearm based on this conviction is "consistent with the Nation's historical tradition of firearm regulation" under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Docket No. 24.

After the Defendant filed his motion, the Tenth Circuit issued its Decision in *Vincent v. Bondi*, No. 127 F.4th 1263 (10th Cir. 2025) finding that the Second Amendment does not prevent application of § 922(g)(1) to nonviolent felons. Accordingly, on March 4, 2024, the court entered an Order denying the Defendant's motion to dismiss. Docket No. 38.

On April 9, 2025, the Government filed a Superseding Indictment, charging the Defendant with two counts of Felon in Possession of Firearm and Ammunition in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(8).  Docket No. 47.  On May 1, 2025, the Defendant again filed a motion to dismiss.  Docket No. 57.  That motion is now before the court

The Defendant first reasserts his *Bruen* challenges arguing that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him.  The Defendant argues that *Vincent v. Bondi* was incorrectly decided and notes that he files the motion primarily for the purpose of record preservation in the developing area of Second Amendment jurisprudence.  The court denies this portion of the Defendant's motion to dismiss for the reasons set forth in the court's previous Order denying his motion to dismiss.

The Defendant also includes arguments in support of his motion that were not in his previous motion.  First, he argues that the absence of any procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction violates the due process provisions of the Fifth Amendment.  The Government argues that the Defendant was afforded due process during the proceedings that resulted in the loss of his right to possess firearms and ammunition.  The court agrees.

Moreover, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citation and internal quotation marks omitted).  The Second Amendment provides protection for the rights at issue, and the Tenth Circuit has already held that it does not prevent application of § 922(g)(1) to nonviolent felons.

Additionally, the Defendant is incorrect in his argument that there is no procedure to restore one's rights to possess a firearm after the right has been forfeited due to a felony conviction.  The statute does contain restoration mechanisms.  Section 921(a)(20) provides in

pertinent part that "Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." Section 925(c) allows a person prohibited from possessing firearms to apply to the Attorney General for relief.

Second, the Defendant argues that the absence of a self-defense exception renders § 922(g)(1) unconstitutional under the Second Amendment. The Defendant cites *District of Columbia v. Heller*, 554 U.S. 570 (2008) in support of his argument, but in that case, the Supreme Court noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 626-27. "Like most rights, the right secured by the Second Amendment is not unlimited." *Id*. at 626. "[T]he right was never thought to sweep indiscriminately." *United States v. Rahimi*, 602 U.S. 680, 691 (2024). In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court held that *law-abiding citizens* have a right to carry a gun outside the home for self-defense.

A broad self-defense exception to § 922(g)(1) would render the statute useless, as every felon would claim he possessed a firearm for self-defense. Nevertheless, the Tenth Circuit has recognized a narrow necessity defense to § 922(g)(1) that may apply where a felon is forced by circumstances to temporarily use a firearm in self-defense. *United States v. Deleveaux*, 205 F.3d 1292 (10th Cir. 2000). The defense is available "only in the most extraordinary circumstances," but again, the Defendant is incorrect in his argument. While very narrow, there is in fact a self-defense exception.

3

Third, the Defendant argues that § 922(g)(1) exceeds Congress's power to regulate commerce. The Defendant recognizes that the Tenth Circuit has already rejected arguments that § 922(g)(1) violates the Commerce Clause, but states that he includes it for record preservation. The Tenth Circuit has held that this Commerce Clause challenge "lacks merit, as it has already been explicitly rejected by this court." *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)(citing *United States v. Urbano,* 563 F.3d 1150, 1154 (10th Cir.2009) (rejecting Commerce Clause challenge to § 922(g) based upon the alleged insufficient connection to interstate commerce and stating "if a firearm has traveled across state lines, the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995) (concluding "[§] 922(g)'s requirement that the firearm have been, at some time, in interstate commerce is sufficient to establish its constitutionality under the Commerce Clause")).

After having argued that § 922(g)(1) is unconstitutional as applied to him, finally, the Defendant argues that any interpretation of § 922(g)(1) other than an absolute categorical prohibition for all felons would render the statute unconstitutionally vague. The court is not convinced. Section 922(g)(1) has consistently been upheld as constitutional.

Accordingly, the Defendant's motion to dismiss [Docket No. 57] is hereby DENIED.

**IT IS SO ORDERED** this 23rd day of March, 2025.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**